IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MATEO RIOS, 1609593, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-1357-G |
| | ) | |
| RICK THALER, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On November 29, 2006, Petitioner was convicted of aggravated sexual assault. *State of Texas v. James Mateo Rios*, No. 30151 (13th Dist. Ct., Navarro County, Tex., Nov. 29, 2006). Petitioner was sentenced to deferred adjudication probation. Petitioner did not appeal his conviction.

On August 25, 2010, Petitioner filed a state application for writ of habeas corpus. *Ex*

*parte Rios*, No. 74,845-02. On December 8, 2010, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On June 16, 2011, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues:

(1) he received ineffective assistance of counsel when trial counsel failed to file a motion to dismiss or file a direct appeal;

(2) there was no evidence to support the conviction; and

(3) his conviction was obtained by the knowing use of perjured testimony.

On September 15, 2011, Respondent filed a preliminary response arguing that the petition is barred by limitations. On September 28, 2011, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

Petitioner was convicted on November 29, 2006. He did not appeal his conviction. His conviction therefore became final thirty days later on December 29, 2006.[2] *See* Tex. R. App. P. 26.2; *see also See Gonzales v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (same). Petitioner then had one year, or until December 29, 2007, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On August 25, 2010, Petitioner filed a state habeas petition. This petition did not toll the limitations period, however, because the limitations period had expired on

---

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] An order of deferred adjudication probation is a "judgment" for AEDPA purposes. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -3-

December 29, 2007.

Petitioner was required to file his federal habeas petition by December 29, 2007. He did not file his petition until June 16, 2011. His petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner states he is entitled to equitable tolling because he did not know the AEDPA law. Lack of knowledge regarding the applicable law, however, does not support a claim for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status and lack of legal training do not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to show he is entitled to equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

     Signed this 6th day of March, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).